# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-21-880-TUC-JAS |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Luis Eduardo Terminel, Jr. | |
| Defendant. | |

Pending before the Court are Defendant's pro se motions to reduce sentence. *See* Docs. 176, 180. The Government filed an opposition to Defendant's request to reduce sentence (Doc. 179), and the Federal Public Defender filed a notice (Doc. 181) stating that it did not intend to file any supplement to Defendant's pro se request for a reduction of sentence. As discussed below, Defendant's motions (Doc. 176, 180) are denied.

**Waiver**

As a threshold matter, Defendant waived his right to file his motion to reduce sentence in this case. The plea agreement in this case included a provision that Defendant waived the right to file a motion for modification of sentence - including under 18 U.S.C. § 3582(c). The Ninth Circuit has held that such a waiver is enforceable where: "(1) the language of the waiver encompasses the relief sought, and (2) the waiver is knowingly and voluntarily made." *United States v. Malone*, 503 F. App'x 499, 500 (9th Cir. 2012), *quoting United States v. Charles*, 581 F.3d 927, 931 (9th Cir.2009). Here, the plea agreement that Defendant signed included language that stated in relevant part: "defendant waives . . . any right to file a motion for modification of sentence, including under . . . 18 U.S.C. § 3582(c) . . ." *See* Doc. 150 at 8-9. Based on the record before the Court, the waiver in the plea agreement encompasses the relief sought by Defendant, and the waiver was knowingly and voluntarily made by Defendant. Accordingly, the waiver shall be enforced, and Defendant's motion is denied as he waived his right to seek the relief requested.

- 1 -

**United States Sentencing Guidelines: Amendment 821**

Assuming, *arguendo*, that Defendant did not waive his right to seek a reduction in his sentence, he nevertheless would not be entitled to relief.

A judgment of conviction that includes a sentence of imprisonment may not be modified by a district court except in limited circumstances. *See* 18 U.S.C. § 3582(b). This section establishes an exception to the general rule of finality. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). The statute provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). Pursuant to this section, the Court engages in a two-step analysis to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court determines if a retroactive amendment to the sentencing guidelines lowered a defendant's guideline range, and whether a reduction is consistent with the applicable policy statements. *See Dillon*, 560 U.S. at 826. The Court then considers the § 3553(a) factors to determine if it will exercise its discretion to reduce the defendant's sentence. However, 18 U.S.C. § 3582(c)(2) does not authorize a reduction in a defendant's term of imprisonment if an "amendment . . . does not have the effect of lowering the defendant's applicable guideline range." *See* USSG 1B1.10(a)(2)(B); USSG 1B1.10, Application Note 1.

Amendment 821 to the sentencing guidelines took effect on November 1, 2023 and applies retroactively. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); Amendment 821, United States Sentencing Commission, https://www.ussc.gov/guidelines/amendment/821. Amendment 821 is bifurcated into Parts A and B.

Part A of Amendment 821 limits the criminal history impact of "status points" under USSG § 4A1.1. As to such status points, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to eliminate status points for any defendant who has six or fewer criminal history points, and applies one point (instead of two) for defendants who otherwise have seven or more criminal history points. In this case, Defendant did not commit the instant offense while under any criminal justice sentence and was not assessed any status points under § 4A1.1; Part A is simply inapplicable to Defendant. *See* PSR (Doc. 161). Thus, Defendant is not eligible for a sentence reduction under Part A and his request for a sentence reduction under Part A is denied.

"Part B, Subpart 1 of the amendment provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria." *United States v. Mariscal-Sanabia*, No. 219CR00251GMNNJK6, 2024 WL 841094, at *3 (D. Nev. Feb. 27, 2024). To receive such an adjustment, however, a defendant must meet all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell,

or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

*See* USSG § 4C1.1(a).  In this case, the PSR added a two-level enhancement under U.S.S.G. §3B1.1(c) because defendant was an organizer, leader, manager, or supervisor in any criminal activity (i.e. Defendant transported weapons and hired others to make illegal purchases of weapons for him).  *See* PSR (Doc. 161).  Thus, Defendant does not meet the criteria under Part B of Amendment 821, and his request for relief is therefore denied.  *See* USSG § 4C1.1(a)(10); PSR (Doc. 161).

**Conclusion**

Accordingly, in light of the foregoing, IT IS HEREBY ORDERED that Defendant's pro se motions for a reduction of sentence (Doc. 176, 180) are denied.

Dated this 10th day of April, 2024.

Honorable James A. Soto
United States District Judge